

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00426-CR

## IN RE JENNIFER LEIGH ALVAREZ

### Original Proceeding

### From the 66th District Court
### Hill County, Texas
### Trial Court No. 36,466

## DISSENTING OPINION

Jennifer Leigh Alvarez was found guilty of murder. She was sentenced to 30 years in prison pursuant to a plea bargain for which she gave up her right to appeal. She now seeks a copy of the record for purposes of pursuing post-conviction relief. She contacted the court reporter and was quoted a fee that she could not pay. Pursuant to Texas Government Code section 52.047(b), she objected to the fee and moved the trial court to set a reasonable fee. TEX. GOV'T CODE § 52.047(b). The subsection provides: "If an objection is made to the amount of the transcript fee, the judge shall determine a reasonable fee, taking into consideration the difficulty and technicality of the material to be transcribed and any time constraints imposed by the person requesting the transcript."

*Id.*

The trial court, in a thoughtful response, wrote Alvarez and informed her, as it specifically relates to the requested record, that:

> The purposes of a plea agreement are many.  The defendant insures [sic] that their punishment is limited.  The State seeks justice for a victim and closure for families.  The Court approves those plea agreements to reduce expense to the taxpayers of the county.  This Court cannot force a court reporter to provide a record for a particular amount of money.  The only option available to the Court is for the Court to force the county to pay for the court reporter's record and have Ms. Alvarez reimburse the county on a reduce [sic] rate.  In that situation, the taxpayers are then out an expense that the plea agreement was approved in part to avoid.

In the letter, the trial court went on to discuss specific complaints Alvarez stated that she intended to pursue in her post-trial request for relief, including ineffective assistance of counsel and the availability of a witness.  The trial court then concluded his letter with the following:

> Because Ms. Alvarez [sic] contentions are inconsistent with reality of what occurred, and because she accepted a plea bargain which included a waiver of her right to appeal, it does not appear that any evidence has been brought to the Court that would justify reopening this matter.

As is readily evident from the text of the trial court's response, the trial court did not "...determine a reasonable fee, taking into consideration the difficulty and technicality of the material to be transcribed and any time constraints imposed by the person requesting the transcript."  As is clear from the trial court's response, the trial court considered whether the cost for the transcript should be shifted to the county.  Moreover, the trial court concluded that there was no evidence to "justify reopening this matter."  It does not appear that Alvarez was aware of or present for this evidentiary hearing on her

motion. Because she was not present, Alvarez could not have presented any evidence on the factors relevant to a reasonable fee for a transcript as set out in the statute, nor does it appear that the trial court sought or received such evidence from the court reporter that acted as the official reporter for the trial. All we know is that the reporter had told Alvarez that the fee for a transcript was $5.00 per page, that it was over 1,300 pages plus exhibits, and that she was prohibited from negotiating a reduced fee.

We also know that the trial court was informed that Alvarez's family had assimilated $3,500 to $4,000 to pay for the transcript requested.[1]

Alvarez sought from this Court a writ of mandamus to compel the trial court to comply with the requirements of the Government Code to determine a reasonable fee with due consideration to the factors specified therein. After the petition for writ of mandamus was filed, this Court denied the petition. In this Court's opinion, we explained that Alvarez was not entitled to a free record. In a motion for rehearing/motion for reconsideration en banc, Alvarez forcefully pointed out that she did not seek to compel the production of a free record. Rather, all she sought, was for us to compel the trial court to perform its ministerial duties, in essence, to determine a reasonable fee. Due to procedural reasons, the Court was required to deny her motion for rehearing, but as to the motion for reconsideration en banc, the Court "directed that a response to Relator's Petition for Writ of Mandamus be filed within thirty (30) days."

---

[1] There is an argument to be made that under this statute, if Alvarez shows she is indigent, she is entitled to a free record. I have not addressed that argument because it is not the issue that has been presented in this proceeding. Alvarez did, however, point that out to the trial court in her motion.

Neither the respondent trial court nor the State favored us with any help that a response might have provided. I find that Alvarez's motion for reconsideration is meritorious and would grant it.

To use a golf term, in our original opinion in this proceeding, we whiffed it. We missed the issue completely. We swung hard but when we were done, the golf ball was still sitting on the tee. We responded to and answered a question that was not asked or presented. The issue we wrote extensively on was whether the trial court abused its discretion in refusing to order a free record for an indigent person.[2] The fundamental error we made, as Alvarez points out in her motion for reconsideration, is that she was not asking us to compel the trial court to order that she receive a free record. All she asked was that we compel the trial court to perform his clear and non-discretionary statutory duty, which is to determine a reasonable fee for the transcript of her trial. Moreover, to confirm that we whiffed it, we failed to note that Alvarez proffered the $3,500 her family members had scraped together as a payment of a "reasonable fee." In my universe, $3,500 is not insignificant.

Alvarez certainly did not seek to compel a free transcript. What she sought was for us to merely compel the trial court to comply with the statute. I see no reason that the trial court should not be compelled to do what the statute so clearly requires. For the foregoing reasons, I respectfully dissent to the Court's denial of the motion for

---

[2] There is a question whether this is a civil or a criminal proceeding. Most of the opinions applying this statute arise out of civil proceedings, and this proceeding does not directly relate to the judgment of conviction or sentence of the defendant. Moreover, no consideration of the factors and "evidence" considered by the trial court appear to be relevant to a determination of a reasonable fee.

reconsideration en banc as well as the denial of the petition for writ of mandamus.


TOM GRAY
Chief Justice

Dissenting Opinion delivered and filed February 3, 2021

